**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01081-WJM

GEORGIANA MONTGOMERY-BROOKS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY

    Defendant.

**ORDER AFFIRMING ALJ'S DECISION REGARDING PLAINTIFF'S ELIGIBILITY FOR WAIVER OF RECOVERY OF OVERPAYMENT**

This matter is before the Court on review of the Commissioner's decision denying Plaintiff's request for waiver of the overpayment recovery of her social security benefits. (ECF No. 4.) For the reasons set forth below, the Commissioner's decision is AFFIRMED.

**I.  LEGAL STANDARD**

The Court reviews the Commissioner's decision not to waive recovery of an overpayment of disability benefits to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.[1]  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.  "It requires more than a scintilla, but less than a

---

[1]  Plaintiff here does not allege that any legal standard was applied incorrectly. Therefore, the only issue is whether there is substantial evidence to support the Commissioner's factual findings.

preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

## II. BACKGROUND

Plaintiff has been considered disabled by the Social Security Administration ("Administration") since July of 1985.  (Rec. 13.)  Plaintiff attempted to return to work periodically between 1990 and April 2004 in an effort to supplement her disability income and reenter the workforce.  (*Id*. at 69-72.)  Plaintiff primarily worked through temporary placement agencies and eventually ended up working at Celestial Seasonings for an extended period between 2001 and 2004.  (*Id*. at 69-70.)

According to the Social Security Regulations, disability recipients who return to work first enter a "trial work period" during which they may "test [their] ability to work and still be considered disabled."  20 C.F.R. § 404.1592.  After this period expires, the recipient enters the "reentitlement period," during which a recipient who engages in "substantial gainful activity" is no longer entitled to receive disability payments. 20 C.F.R. § 404.1592a.  What constitutes "substantial gainful activity" depends on a variety of factors, including the amount of pay.  *See* 20 C.F.R. §§ 404.1571-1576.

In 2000 and 2001, the Administration sent Plaintiff at least two notices stating that she was under a trial work period of a limited duration and that, after her trial work period ended, she could only earn a certain dollar amount and still remain eligible for

disability payments. (*Id*. at 44-45.) Plaintiff admits receiving these notices. (*Id*. at 229.) These notices also informed Plaintiff that was required to report any change in her work status or her earnings to the Administration. (*Id*. at 44-45.) Prior to 2005, Plaintiff did not submit any information to the Administration regarding her employment at Celestial Seasonings. (*Id*. at 229.)

In 2005, the Administration conducted a Continuing Disability Review. (*Id*. at 45.) This process involved obtaining Plaintiff's complete work history, which showed that Plaintiff had worked beyond the end of her trial work period and had earnings beyond the amount she was permitted to earn and still retain her disability benefits. (*Id*.) In October 2005, the Administration sent Plaintiff a letter stating that, based on her earnings, she became ineligible for disability benefits as of December 2003. (*Id*. at 28.) Because the Administration did not stop Plaintiff's disability payments until October 2005, it had overpaid her benefits.[2]

### III. ANALYSIS

The sole dispute in this case involves whether Plaintiff should be granted a waiver of recovery of the benefits that she was overpaid. With regard to recovery of overpayments, section 204(a)(1) of the Social Security Act ["the Act"] provides that

---

[2] There appears to be an ongoing dispute regarding the amount that Plaintiff was overpaid. (Rec. 14; ECF No. 4.) However, the explicitly declined to make a finding as to the particular amount of the overpayment stating "the claimant has been overpaid disability benefits, though the amount of overpayment is unclear." (Rec. 14.) The ALJ's conclusion that is before the Court for review therefore relates solely to whether waiver of recovery of overpayment—whatever amount such overpayment may be—was proper. (Rec. 16.) On appeal, this Court's function is only to review issues that were decided by the ALJ. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) ("Judicial review is limited to the reasons stated in the ALJ's decision"). Therefore, nothing in this Order is intended to be a determination as to whether the amount of overpayment alleged by the Commissioner is correct.

"[w]henever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made under regulations prescribed by the Commissioner of Social Security. . . ." 42 U.S.C. § 404(a)(1).  Section 204(a)(1)(A) of the Act directs the Commissioner to "decrease any payment under this subchapter to which such overpaid person is entitled, or [to] require such overpaid person or his estate to refund the amount in excess of the correct amount. . . ." *Id.*  Section 204(b) of the Act limits the effect of this section by providing that "there shall be no . . . recovery by the United States from any person who is without fault if such recovery would defeat the purpose of this title or would be against equity and good conscience." 42 U.S.C. § 404(b).

Whether an individual is "without fault" for an overpayment is a factual determination that "depends on all the pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual may have.". *See* 20 C.F.R. § 404.507.  What constitutes fault on the part of the overpaid individual depends on whether the facts show that the incorrect payment to the individual resulted from: "(a) An incorrect statement made by the individual which [she] knew or should have known to be incorrect; or (b) Failure to furnish information which [she] knew or should have known to be material; or (c) With respect to the overpaid individual only, acceptance of a payment which [she] either knew or could have been expected to know was incorrect." *Id.* Plaintiff has the burden of showing that she was "without fault" with respect to the overpayment.  *See Watson v. Sullivan*, 940 F.2d 168,

171 (6th Cir.1991).

Because the Commissioner's fault determination is a factual finding, it must be affirmed if it is supported by substantial evidence in the record as a whole. *Wall*, 561 F.3d at 1052; *Howard v. Sec'y of Health & Human Servs.*, 741 F.2d 4, 8 (2d Cir. 1984). Here the ALJ found that Plaintiff was not "without fault" for the overpayment because she "reasonably could have been expected to know that she should fully inform the SSA about the nature and extent of her work activity and earnings." (Rec. 15.) The ALJ noted that Plaintiff admitted to receiving multiple notices from the SSA advising her of her reporting responsibilities and explaining her trial work period. (*Id.*) The ALJ pointed out that Plaintiff experienced a significant increase in earnings in early 2003 and that, at this point, she "either knew or could reasonably have been expected to know that she should have reported all of her work to the SSA." (*Id.*) The ALJ found that Plaintiff failed to report "material" information regarding her earnings and, therefore, she was not "without fault" for the overpayment. (*Id.*)

On appeal, Plaintiff argues that the ALJ's fault determination was not supported by substantial evidence. (ECF No. 27 at 10-11.) The Court disagrees. At the hearing, the ALJ questioned Plaintiff about whether she received notices from the Social Security Administration informing her of the need to report her work. (Rec. 229.) Plaintiff admitted that she received at least two notices. (*Id.*; *see also* Rec. 44.) Despite these notices, Plaintiff admitted that she did not report her earnings until the Social Security Administration asked her about them in 2005. (*Id.* at 230.) The record also plainly shows that Plaintiff's earnings increased significantly for various periods

between 2001 and 2004, including three months in early 2003 and again for six months in the fall of 2003 and early 2004. (Rec. 71.) The Court finds that this evidence in the record supports the ALJ's finding that she knew or reasonably should have known about her reporting obligations and, despite this knowledge, failed to report material information about her earnings.

As an alternate argument, Plaintiff points to evidence in the record showing that she called the Administration's general information number and inquired about how much money she could earn and still be eligible for disability payments. (ECF No. 27 at 7-8; Rec. 232.) During these calls, the Administration informed her that she could earn up to $13,000, which was the amount a retiree could earn.[3] (Rec. 230.) Because Plaintiff was not earning more than the amount quoted to her by the Administration, she did not believe she was required to report her earnings. (*Id.*)

The Court acknowledges that there is evidence in the record showing that Plaintiff may have been given wrong and/or misleading information by the Administration. Were the Court considering this issue in the first instance, perhaps this evidence would have persuaded it to find that Plaintiff was "without fault." However, on appeal, the Court may reverse the Commissioner's factual determination of fault only if such finding is not supported by substantial evidence. "[T]he court cannot reweigh the evidence, but may only inquire into the existence of evidence to support the trier of fact." *Brandolino v. Wy. Fuel Co.*, 180 F. App'x 790, 791 (10th Cir. 2006). The fact that

---

[3] The amount that a non-retiree can earn and still be eligible for Social Security benefits is significantly lower than a retiree. *See* Rec. 232; www.ssa.gov/OACT/COLA/rtea.html (accessed July 27, 2012).

there is evidence in the record that would permit a finding that Plaintiff was "without fault" does not mean that the ALJ's contrary finding is not based on substantial evidence. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir. 1992). As discussed above, the Court has already found that there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not "without fault" for the overpayment.

Moreover, the ALJ explicitly considered Plaintiff's phone calls to the Administration in his decision. (Rec. 15.) He found that these calls did not "explain her not informing the SSA of the extent of her work and earnings." (Rec. 15.) The record supports this finding. The notices sent to Plaintiff state that she must inform the Social Security Administration if she returned to work or increased her work hours. (*See, e.g.,* Rec. 115.) There was no caveat stating that the reporting requirements applied only to money earned above and beyond the allowed amount. (*Id*.) To the extent that Plaintiff may have been confused by the misinformation she was given by the Administration, any "fault" on the part of the Administration does not require that an overpayment be waived where the Plaintiff herself was not free from "fault". *See* 20 C.F.R. § 404.507.

The Court also notes that a finding that Plaintiff was not "without fault" for the overpayment is not a judgment on her morality or truthfulness. With respect to a finding of fault for an overpayment, "[n]o showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault." *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983)). It is quite possible that Plaintiff made an honest mistake about whether she was required to report her income. However, the Commissioner has found that Plaintiff was not "without fault" with respect to the overpayment and, because that

finding is supported by substantial evidence in the record, the Court must affirm that finding.[4]

## IV.  CONCLUSION

The ALJ's finding that Plaintiff was not "without fault" for the overpayment of benefits is supported by substantial evidence in the record.  Accordingly, the Commissioner's decision is hereby AFFIRMED.  The Clerk shall enter judgment on this Order, each party to bear their own costs.

Dated this 30th day of July, 2012.

BY THE COURT:

William J. Martinez
United States District Judge

---

[4] Because the Court affirms the ALJ's finding regarding fault, it need not address Plaintiff's arguments related to whether recovery of the overpayment would defeat the purpose of the Social Security Act or deprive Plaintiff of her ordinary and necessary living expenses. *See* 20 C.F.R. § 404.506.