**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01081-WJM

GEORGIANA MONTGOMERY-BROOKS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION REQUESTING RELIEF FROM JUDGMENT**

---

On July 30, 2013, the Court affirmed the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff Georgiana Montgomery-Brooks' ("Plaintiff") request for waiver of the overpayment recovery of social security benefits (the "Order"). (ECF No. 31.)  Before the Court is Plaintiff's Motion Requesting Relief from Judgment Order (the "Motion").  (ECF No. 33.)  For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

The Court must construe liberally Plaintiff's Motion because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Plaintiff's Motion was filed pursuant to numerous provisions of Federal Rule of

Civil Procedure 60(b),[1] which state that a court may relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect," fraud or misrepresentation, or any other reason that justifies relief. *See* Fed. R. Civ. Proc. 60(b)(1), (3) & (6).

## II.  ANALYSIS

In her Motion, Plaintiff argues that the Court should reconsider its Order affirming the ALJ's decision because she has an ongoing dispute with the Commissioner regarding the amount of overpayment. (Motion at 1-2.) The amount of overpayment, however, was not at issue in the ALJ's decision or the Court's Order. In fact, the Order specifically stated that "nothing in this Order is intended to be a determination as to whether the amount of overpayment alleged by the Commissioner is correct." (Order at 3 n.2.) Instead, the Order concerned the narrow issue of whether the ALJ properly found that Plaintiff was not "without fault" in causing and accepting an overpayment of social security benefits. (Order (ECF No. 31) at 3-8.) The Court determined that substantial evidence supported the ALJ's findings. (*Id.* at 5.)

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Plaintiff has failed to show that the Court's Order was the result of mistake,

---

[1] Plaintiff also moved pursuant to Federal Rule of Civil Procedure 60(a), which allows the Court to correct a clerical mistake whenever one is found in a judgment, order, or other part of the record. Plaintiff, however, has not alleged that the Order contains a clerical error requiring correction. Therefore, Plaintiff's Motion is denied to the extend it asks the Court to amend its Order.

inadvertence, fraud, or any other reason covered by Rule 60.  Based on Plaintiff's argument, the Court finds no extraordinary circumstances that would require a reconsideration of the Order.  As a result, the Court finds that Plaintiff has failed to demonstrate any basis for Rule 60(b) relief and, therefore, Plaintiff's Motion is Denied.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion Requesting Relief from Judgment is DENIED.

Dated this 15th day of May, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge