IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-01081-WJM

GEORGIANA MONTGOMERY-BROOKS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

On July 30, 2013, the Court affirmed the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff Georgiana Montgomery-Brooks's ("Plaintiff") request for waiver of the overpayment recovery of social security benefits (the "Order"). (ECF No. 31.)  Before the Court is Plaintiff's Combined Motion for Relief From Judgment Order and Motion Pursuant to Federal Rule of Evidence 103[1] (the "Motion"). (ECF No. 39.)  For the reasons set forth below, the Motion for Reconsideration is denied.

### I.  LEGAL STANDARD

The Court must liberally construe Plaintiff's Motion because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

---

[1] Federal Rule of Evidence 103 allows a party to claim error in a ruling to admit or exclude evidence.  Because the Order did not involve the admission or exclusion of evidence, Rule 103 is not relevant to Plaintiff's Motion.

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff's Motion was filed pursuant to numerous provisions of Federal Rule of Civil Procedure 60(b), which state that a court may relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect," fraud or misrepresentation, or any other reason that justifies relief. *See* Fed. R. Civ. Proc. 60(b)(1), (3) & (6).

## II. ANALYSIS

This is Plaintiff's second motion for reconsideration. This Court denied Plaintiff's first motion, finding that "Plaintiff has failed to show that the Court's Order was the result of mistake, inadvertence, fraud, or any other reason covered by Rule 60." (ECF No. 37.) In the instant Motion, Plaintiff again argues that the Court should reconsider its Order affirming the ALJ's decision because she has an ongoing dispute with the Commissioner regarding the amount of overpayment. (Motion at 1-2.) However, despite Plaintiff's repeated assertions otherwise, the amount of overpayment was not at issue in either the ALJ's decision or the Court's Order.[2]

In his decision, the ALJ stated that:

Because [Plaintiff's] file contains inconsistent statements by the agency as

---

[2] The ALJ's decision concerned the issue of whether Plaintiff was "without fault" in causing and accepting an overpayment of social security benefits, and whether recovery of the overpayment could be waived. (ECF No. 39-1 at 11.) Pursuant to the Social Security Regulations, Plaintiff could not dispute the amount of overpayment until *after* this decision was made. *See* 20 C.F.R. §§ 404.506(a), (b), (g) ("If waiver is denied, adjustment or recovery of the overpayment begins.").

> to the dates the claimant was overpaid and the amounts of overpayment, the appropriate component should recompute the amount of the overpayment and provide the claimant with detailed explanation taking into consideration the claimant's reinstatement to disability insurance benefits, the amount of past due benefits withheld to recover the overpayment, and adjustments against her monthly benefit.

(ECF No. 39-1 at 11.)  The ALJ went on to say that if Plaintiff was unsatisfied with the explanation she received from the Social Security Administration, then she should appeal.  (*Id.*)  It appears that Plaintiff understood the ALJ's statements to mean that if Plaintiff was dissatisfied with the ALJ's decision, she should appeal the ALJ's decision and not the subsequent explanation of overpayment.  (*See* ECF. No. 39 at 6 ("I was dissatisfied and have appealed.").)  This is not a correct interpretation of the ALJ's statement.  As the Court has already explained to Plaintiff, because the amount of overpayment was ***not*** at issue in the ALJ's decision, the Court does not have jurisdiction over the overpayment issue.  (*See* ECF Nos. 31 at 3, 37 at 2.)  Any dispute over the amount of overpayment must be directed to the Social Security Administration.[3]

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Plaintiff has failed to show that the Court's Order was the result of mistake, inadvertence, fraud, or any other reason covered by Rule 60.  Based on Plaintiff's

---

[3] The Commissioner notes that a final decision regarding the amount of Plaintiff's overpayment has not yet been made.  (ECF No. 40 at 2.)  Therefore, the agency has not given a "final decision" that could be subject to this Court's jurisdiction. *See* 42 U.S.C. § 405(g).

argument, the Court finds no extraordinary circumstances that would require a reconsideration of the Order.  As a result, the Court finds that Plaintiff has failed to demonstrate any basis for Rule 60(b) relief and, therefore, Plaintiff's Motion is Denied.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Combined Motion for Relief From Judgment Order and Motion to Pursuant to Federal Rule of Evidence is DENIED.[4]

Dated this 26th day of September, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[4] As this is Plaintiff's second motion for reconsideration regarding the same issue and Order, the Court will not entertain any subsequent motions for reconsideration.  Any such further motion will be summarily denied and may subject the Plaintiff to the imposition of sanctions.